UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-01932-CJC(JCGx)                             Date: January 14, 2015

Title: <u>STEVEN ANDERSON, ET AL. V. TCAM CORE PROPERTY FUND OPERATING LP</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Melissa Kunig</u>                                             <u>    N/A    </u>
Deputy Clerk                                               Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                               None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS** [filed 12/11/14]

      Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for January 26, 2015 at 1:30 p.m. is hereby vacated and off calendar.

**I. INTRODUCTION AND BACKGROUND**

      Plaintiffs Steven Anderson, Solma Escobar, and Patrice Gilgan (collectively, "Plaintiffs") bring this action against Defendant TCAM Core Property Fund Operating LP ("TCAM") for unlawful discrimination on the basis of familial status. (Dkt. No. 1, Notice of Removal Exh. 1 ["Compl."].) The Complaint alleges that TCAM operates an apartment complex located at 102 Calais Street, Laguna Nigel, California (the "Subject Property"). (Compl. ¶¶ 1, 6.) Plaintiffs, along with their minor children, resided at the Subject Property and were subject to rules that allegedly discriminated against families with children. (Compl. ¶¶ 3–4, 15.) Specifically, Plaintiffs contend that TCAM enforced a rule which prohibited children from playing in the common areas and that TCAM posted a sign which read, "No skateboarding, bicycle riding, roller blading, scooter riding." (Compl. ¶ 15.) The Complaint alleges a series of incidents where the on-site managers repeatedly informed Plaintiffs that the children could not play in the common areas or that the children needed to be quiet or stay home. (Compl. ¶¶ 16– 22.) Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-01932-CJC(JCGx)            Date: January 14, 2015
                                                             Page 2

maintain that the children were not excessively noisy but were playing like normal children do. (Compl. ¶¶ 18, 21.) The Complaint further contends that management threatened Mr. Anderson and Ms. Escobar with eviction due to the noise of their children and ultimately refused to renew their lease. (Compl. ¶¶ 13, 24–25.)

The Complaint alleges six causes of action: (1) violation of the Fair Housing Act ("FHA") under 42 U.S.C. §§ 3604(a)–(c), 3617; (2) violation of the California Fair Employment and Housing Act, Cal. Gov. Code § 12940 *et seq.*; (3) violation of the California Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*; (4) negligence; (5) unfair business practice under the California Business & Professions Code § 17200 *et seq.*; and (6) invasion of the right to privacy. (*See* Compl.) Before the Court is TCAM's motion to dismiss or, in the alternative, for a more definite statement. (Dkt. No. 7 ["Def.'s Mot."].) For the following reasons, TCAM's motion is **GRANTED IN PART**.

## II. DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citations and quotes omitted)). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In keeping with this liberal pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-01932-CJC(JCGx)    Date: January 14, 2015
                                    Page 3

### A. FHA and California Statutory Claims

TCAM moves to dismiss the first, second, third, and fifth causes of action, arguing that no rule prohibiting children from playing in the common areas existed. (Def.'s Mot. at 1, 4–8.) Specifically, TCAM submits two exhibits titled "Lease Addendum: Community Policies, Rules, and Release" ("Community Rules") that were purportedly signed by Plaintiffs and which read in relevant part:

> All property recreational facilities are provided for the enjoyment of the residents and guests. Abuse of the facilities and or policies will not be tolerated. Management reserves the right to restrict, wherever necessary, resident's facility privileges. Keep skateboards, roller blades, and bicycles out of the courtyard and use in the areas designated for these activities.

(Def.'s Mot. Exhs. 3–4.)[1] TCAM contends that the language of the Community Rules specifically indicates that children *were* permitted to play in "areas designated for these activities" and thus preclude Plaintiffs' allegations to the contrary.

The FHA makes it unlawful to discriminate against persons in the rental of a dwelling, or in the provision of services or facilities in connection therewith, because of familial status. 42 U.S.C. § 3604. TCAM incorrectly presumes that the existence of a facial, written rule designating areas for skateboards, roller blades, and bicycles dispositively bars Plaintiffs' FHA claim. The Complaint alleges that TCAM engaged in the "pattern or practice of discrimination." (Compl. ¶ 9.) In support of this allegation, the Complaint contends that TCAM "enforced a rule which prohibited children from playing in the common areas of the property." (Compl. ¶ 15.) Plaintiffs additionally

---

[1] The district court may also consider additional facts in materials that the district court may take judicial notice, *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994), as well as "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled in part on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The Complaint contends that Plaintiffs resided at the Subject Property and specifically allege that TCAM took "unlawful retaliatory action by informing plaintiffs that plaintiffs' lease would not be renewed." (Compl. ¶ 25.) In their opposition, Plaintiffs do not contest the authenticity of the exhibits and, in fact, cite to exhibits provided by TCAM. (Dkt. No. 8, ["Pls.' Opp'n"] at 1–2.) The Court finds that judicial notice of these exhibits is appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-01932-CJC(JCGx)            Date: January 14, 2015
           Page 4

---

assert that TCAM "posted a sign at the complex which stated, 'No skateboarding, bicycle riding, roller blading, scooter riding.' " (Compl. ¶ 15.) The Complaint further describes at least seven specific incidents with approximate dates when TCAM's on-site managers told Plaintiffs and their children that they were not allowed to play in *any* of the common areas or even chased the children out of the common areas. (Compl. ¶¶ 16–22.) Taken as true, these facts are sufficient to state an FHA discrimination claim, notwithstanding the language of the Community Rules. As Plaintiffs' California statutory claims are premised on the same allegations as the FHA claim, these claims are similarly sufficient. *See Hous. Rights Ctr. v. Sterling*, 404 F. Supp. 2d 1179, 1194 (C.D. Cal. 2004).

       TCAM additionally argues that Plaintiffs' hostile living environment claim does not appear on the face of the Complaint. (Dkt. No. 10, Def.'s Reply at 8–9.) This is incorrect. The FHA prohibits the coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of the rights protected by the FHA. 42 U.S.C. § 3617. The Complaint describes a pattern of discrimination which forced Plaintiffs to "keep their children indoors and not allow their children to play in the common areas." (Compl. ¶ 23.) The Complaint further alleges that management threatened Mr. Anderson and Ms. Escobar with eviction if their children continued to make noise in the common areas and did not renew their lease. (Compl. ¶ 24–25.) Based on the facts alleged, the Complaint pleads that TCAM violated the FHA by "coercing, intimidating, threatening, or interfering with [their enjoyment] . . . in violation of 42 U.S.C. § 3617." (Compl. ¶ 31.) This is sufficient to state a claim under § 3617.[2]

### B. Negligence

       Next, TCAM seeks to dismiss Plaintiffs' fourth cause of action for negligence. The Complaint contends that TCAM was directly negligent in hiring, training, and supervising its employees to ensure compliance with state and federal fair housing laws. (Compl. ¶ 38.) In the opposition, however, Plaintiffs assert that their negligence claim is based on a theory of vicarious liability. (Pls.' Opp'n at 17.) The Complaint does not on its face clearly allege a vicarious liability theory for the negligence claim. Additionally,

---

[2] The Court additionally **DENIES** TCAM's alternative motion for a more definite statement. "A party may move for a more definite statement of a pleading…which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The Complaint sufficiently avers specific wrongdoing by TCAM and the legal bases for the relief sought; thus, it is sufficiently definite.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-01932-CJC(JCGx)            Date: January 14, 2015
                                                                                    Page 5

---

Plaintiffs' claim that TCAM was negligent in hiring, training, and supervising their employees is deficient. Plaintiffs have not alleged a factual basis showing negligent action on the part of TCAM. *See Cabral v. Cnty. of Glenn*, 624 F. Supp. 2d 1184, 1196 (E.D. Cal. 2009) ("In California, an employer can be held liable for negligent hiring if he knows the employee is unfit, or has reason to believe the employee is unfit or fails to use reasonable care to discover the employee's unfitness before hiring him."). Because the Complaint fails to state a negligence claim under either theory, TCAM's motion to dismiss with respect to this claim is granted.

### C. Invasion of the Right to Privacy

Finally, TCAM moves to dismiss Plaintiffs' sixth cause of action for the invasion of the right to privacy. Plaintiffs have failed to oppose this portion of the motion to dismiss. More importantly, TCAM correctly points out that the Complaint does not explain what the alleged privacy interest is, much less how it was invaded. The Complaint merely states that Plaintiffs had a "legally protected privacy interest" and a "reasonable expectation of privacy" that TCAM invaded. (Compl. ¶¶ 43–45.) This amounts to a "threadbare recitals of the elements of a cause of action" and does not sufficiently state a claim under Rule 8(a)(2). *See Iqbal*, 556 U.S. at 678. The invasion of the right to privacy claim is dismissed.

## III. CONCLUSION

Accordingly, TCAM's motion to dismiss is **GRANTED IN PART** as to Plaintiffs' fourth and sixth causes of action. Plaintiffs shall file a first amended complaint consistent with this Minute Order within twenty (20) days of the date hereof.

ssh

MINUTES FORM 11
CIVIL-GEN                                                         Initials of Deputy Clerk MKU